UNITED STATES *v.* RICHARD & CO. ET AL. (No. 2311).[1]

CONSTRUCTION, SECTION 501, TARIFF ACT OF 1922—"FILING."

　　　Section 501, tariff act of 1922, allows "ten days from the date of the filing of the decision with the collector" for making application for review of a general appraiser's decision. The word "filing" means the date when the decision is received in the collector's office, and not the date when it is recorded or indorsed as received.

## United States Court of Customs Appeals, June 24, 1924

APPEAL from Board of United States General Appraisers, Reappraisement Circular 33665

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General, for the United States
*Jules Chopak* for appellees.

[Oral argument May 8, 1924, by Mr. Hoppin]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

　　BARBER, Judge, delivered the opinion of the court:

　　This case involves numerous appeals from the judgments of a board of three general appraisers sitting in appraisement, dismissing the appeals undertaken to be made by the collector from appraisals made by a single general appraiser as to merchandise imported after the tariff act of 1922 took effect, concerning all which the facts are the same.

　　Section 501 of that act provides that a single general appraiser, to whom the same are assigned for trial by the Board of General Appraisers, shall hear appeals from a local appraiser and (after pointing out the procedure to be followed) that "the decision of the general appraiser * * * shall be final and conclusive upon all parties unless within ten days from the date of the filing of the decision with the collector an application for its review shall be filed or mailed to said board by the collector or other person authorized by the Secretary of the Treasury, and a copy of such application mailed to the consignee, or his agent or attorney, or filed by the consignee, or his agent or attorney, with the collector, by whom the same shall be forthwith forwarded to the Board of General Appraisers." We will refer to the application for review as an appeal.

　　The record shows and the appraisement board found that the decisions of the single general appraiser in these cases were made and promulgated April 23, 1923, and that the appeals therefrom were not taken by the collector until May 4, which would be 11 days after the decisions of the single general appraiser were made.

　　It appeared from the testimony that after decisions were made and handed down by a single general appraiser they were, in the ordinary

---

[1] T. D. 40294.

course of business in his office, on the same day forwarded to the collector's office by means of a tube connecting their offices, and the evidence clearly tended to show that the decisions in these cases were so forwarded on the day they were made, viz, April 23.

There was no direct evidence establishing that they were actually received in the collector's office that day, but it did appear that a clerk in charge of the reappraisement bureau in the collector's office who was called as a witness for the Government indorsed on the decisions, or entered in a book containing a list thereof, "April 24, 1923," as the date when they came to his attention or to his desk, but he did not testify and there was no positive evidence that they were not actually in the collector's office on April 23. This witness also testified that it was his custom, after he received the decisions of a single general appraiser, to check them up in a book and make a copy of them for the inspection of brokers or attorneys. He produced a sheet containing a list of the decisions in question and others, on which it was stated they were made April 23, 1923. He said the purpose of dating it April 23 was to let the brokers know when the decisions were made and that he usually made such lists the day he received the decisions although he could not say the one in question was made that day.

The appraisement board found as a fact, and we think the testimony clearly justified the finding, that "the decisions were forwarded to the collector on April 23 and were undoubtedly received in his office on the same day," and, as stated, dismissed the appeals as not made in time.

Passing the question of fact, the Government's contention in substance is that the time within which appeal in such cases may be made does not begin to run until the decision of the general appraiser is actually *filed* in the collector's office, meaning thereby until a filing is placed thereon by some one in his office, while the theory of the importer, and that upon which the opinion of the appraisement board dismissing these appeals is founded, is that the date when it is actually received in the collector's office is the date from which such right of appeal begins to run.

With respect to the common meaning of the word "file," as relating to such matters, it may mean either to deposit a paper or document in the court or office authorized to receive it or to indorse thereon the date of such presentation or deposit, and the only question here is to determine in which sense the word is used in the quoted part of the statute.

It is obvious, if the Government's view be adopted, that the date from which the time to appeal shall begin to run is at the pleasure of the collector or his employees charged with the duty of placing the

filing upon the document left in his office. We do not think that was the intent of the statute. If it could thus be delayed one day, it could be delayed any number of days, at the pleasure of the collector or his clerk. We hold that the filing of the decision with the collector in the contemplation of the statute means depositing the same in his office.

It follows that the application of the collector for a review of the decisions of the single general appraiser in these cases was not made within the 10 days provided therefor by statute, and the judgment of the Board of General Appraisers, sitting in appraisement, dismissing the same is *affirmed*.